KRISTINE ACKELS

VERSUS

DR. SCOTT BUHLER M.D. AND JESSICA
SCHMIDT NP

NO. 23-CA-490

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 834-068, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

May 29, 2024

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges John J. Molaison, Jr.,
Scott U. Schlegel, and Timothy S. Marcel

<u>**AFFIRMED**</u>
**SUS**
**JJM**
**TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

PLAINTIFF/APPELLANT,
KRISTINE ACKELS
    In Proper Person

COUNSEL FOR DEFENDANT/APPELLEE,
SCOTT BUHLER, M.D. AND JESSICA SCHMIDT, N.P.
    Benjamin J. Biller

**SCHLEGEL, J.**

*Pro se* plaintiff, Kristine Ackels, appeals the trial court's July 27, 2023 judgment granting summary judgment in favor of defendants, Scott Buhler, M.D. and Jessica Schmidt, N.P., and dismissing plaintiff's claims, with prejudice. Plaintiff also appeals the judgment to the extent it denied the request to continue the hearing on defendants' summary judgment motion. For reasons stated more fully below, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

This matter involves a medical malpractice claim arising from a procedure performed on plaintiff's left knee by Dr. Buhler and assisted by Ms. Schmidt on December 13, 2019. In August 2020, plaintiff filed a request for formation of a review panel naming Dr. Buhler and Ms. Schmidt as defendants. The panel issued a unanimous decision on June 14, 2022, finding that defendants complied with the appropriate standard of care.

On August 25, 2022, plaintiff filed a lawsuit in Civil District Court for Orleans Parish, which was determined to be an improper venue. Plaintiff then filed a *pro se* "complaint" against defendants in the 24th Judicial District Court for Jefferson Parish on October 18, 2022. Plaintiff alleged that defendants performed an improper and unnecessary procedure to repair the bucket handle meniscus tear in the left knee, particularly considering plaintiff's existing heart condition. Plaintiff further alleged that defendants were negligent in their "follow up" treatment.

On April 21, 2023, defendants filed a motion for summary judgment on the grounds that plaintiff did not have any expert medical testimony to support the medical malpractice claims alleged against them in the complaint. Defendants also attached a copy of the medical review panel's opinion to further support their argument that no genuine issues of material fact existed, thereby entitling them to

summary judgment dismissing plaintiff's medical malpractice claims. The review panel's opinion contained the following findings:

Patient was properly consented to the surgery and received all pre-surgical cardiac clearances for the knee arthroscopy.

Clinical exam and MRI findings consistent with ACL deficiency which was confirmed intraoperatively.

We find that the surgery was performed appropriately by Dr. Buhler and he properly informed patient of his efforts to save as much of the meniscus as possible.

A meniscectomy surgery is a possibility if the meniscus does not heal from the original surgery which occurred in this case.

The knee surgery had no detrimental effect on patient's cardiac issues and patient's subsequent elective procedures.

Patient's post operative course included poor compliance with follow up and physical therapy.

The trial court set the summary judgment motion for hearing on July 18, 2023. On April 24, 2023, plaintiff filed a motion to dismiss defendants' summary judgment motion on grounds that discovery was still in process. Plaintiff also stated that expert cardiologists and orthopedic surgeons would testify regarding defendants' breach of the standard of care, but plaintiff did not reveal the identity of any of these experts in the supporting memorandum. Plaintiff also filed an opposition to the summary judgment motion on June 28, 2023, which requested a continuance to allow plaintiff additional time to retain counsel. Plaintiff further argued that expert testimony was not required to oppose defendants' summary judgment motion because it was obvious that defendants performed an unnecessary surgery by attempting to "rebuild an intact ACL" for a patient with a serious heart condition. Plaintiff did not attach any exhibits or expert affidavits to the motion to dismiss defendants' summary judgment motion or the opposition memorandum.

In addition, on June 28, 2023, plaintiff filed a motion to strike the medical review panel's ruling due to the alleged inaccuracies in the panel's findings.

Plaintiff attached photographs, uncertified medical record excerpts, and patient portal messages in support of the motion to strike. On that same day, plaintiff also filed a motion to continue the summary judgment hearing again asking for time to find and retain counsel, as well as an expert.

In response, defendants filed a reply memorandum objecting to the exhibits attached to plaintiff's motion to strike in the event plaintiff argued that they formed part of plaintiffs' opposition to their summary judgment motion. Defendants argued that none of plaintiff's exhibits satisfied the requirements of La. C.C.P. art. 966(A)(4) regarding admissible evidence for purposes of a summary judgment motion. Defendants further argued that good cause did not exist to continue the summary judgment motion. Defendants urged that the alleged malpractice occurred in 2019, and that plaintiff had more than a fair opportunity to investigate the medical malpractice claims and retain the necessary expert testimony. Defendants also noted that the medical review panel opinion had been rendered more than a year ago.

At the July 27, 2023 hearing, plaintiff asked the trial court to continue the hearing on the summary judgment motion to allow more time to retain counsel. Plaintiff also complained that defendants failed to provide complete discovery responses before filing their summary judgment motion. The trial court then asked about plaintiff's efforts to retain counsel. Plaintiff explained that these efforts had been continuous since June 2022, and after contacting over 40 attorneys, all declined to accept plaintiff's case. In response, defendants' counsel argued that defendants answered all discovery and there was no motion to compel pending. Counsel also argued that good cause did not exist to continue the summary judgment motion because plaintiff had more than ample time to retain counsel and an expert.

Following oral argument, the trial court denied plaintiff's motion for a continuance and granted defendants' motion for summary judgment. The trial court signed a written judgment on the same day dismissing plaintiff's claims against defendants with prejudice. Plaintiff filed a timely motion for devolutive appeal, which the trial court granted on August 18, 2023.

## DISCUSSION

On appeal, plaintiff contends that the trial court erred by failing to grant the request to continue the summary judgment motion in order to allow more time to complete discovery and to retain an expert. Plaintiff further argues for the first time that expert evidence was not necessary to defeat defendants' summary judgment motion because the doctrine of *res ipsa loquitur* applies.[1]

### *The Trial Court Did Not Abuse Its Discretion By Denying Plaintiff's Motion to Continue Defendants' Summary Judgment Motion.*

For good cause shown, the trial court may order a continuance of a motion for summary judgment hearing. La. C.C.P. art. 966 (C)(2). In considering good cause, the trial court may take into consideration such factors as diligence, good faith, reasonable grounds, fairness to both parties, and the need for the orderly administration of justice. *Reed v. Landry*, 21-589 (La. App. 5 Cir. 6/3/22), 343 So.3d 874, 879. A trial court's decision to hear a motion for summary judgment or to grant a continuance is reviewed for an abuse of discretion. *Id.*

Considering the facts of this case, particularly plaintiff's inability to retain counsel, we find plaintiff did not provide good cause for continuing the motion for

---

[1] Plaintiff also lists additional assignments of error relating to the trial court's alleged error in not allowing plaintiff's wife to speak on plaintiff's behalf at the hearing; the trial court's referral to the transcript from the hearing when plaintiff asked for reasons for judgment; and alleged biases of the trial court against plaintiff. However, plaintiff did not address these issues in the argument section of the appellant brief. Assignments of error not briefed on appeal are considered abandoned or waived. *See* Uniform Rules—Courts of Appeal Rule 2–12.4(B)(4), which provides, in pertinent part, that "[a]ll assignments of error and issues for review shall be briefed. The court may deem as abandoned any assignment of error or issue for review which has not been briefed." *See also Pertuit v. Louisiana School Employees Retirement System*, 17-393 (La. App. 5 Cir. 12/27/17), 237 So.3d 636, 641, fn. 15, *writ denied*, 18-163 (La. 3/23/18), 238 So.3d 980.

summary judgment to retain an attorney and an expert at some unknown future date. Plaintiff's initial request for a medical review panel was filed in August 2020. The decision of the medical review panel in June 2022 was unanimously in favor of defendants, and the alleged malpractice was not of the obvious type which would not need medical expert testimony. Plaintiff, therefore, knew or should have known at that time that it would be necessary to retain an expert to prove the medical malpractice claims against defendants. Plaintiff explained at oral argument that despite continuous efforts since June 2022, no attorney would agree to represent plaintiff in this matter. Further, after filing the current lawsuit in October 2022, and after receiving defendants' summary judgment motion in April 2023, plaintiff still failed to even provide the name of a proposed medical expert in any of the lower court filings. Plaintiff also complains that discovery was incomplete, but fails to explain what additional discovery is required to obtain a medical expert. Accordingly, we find the trial court did not abuse its discretion in denying plaintiff's motion for continuance.

### *The Trial Court Did Not Err By Granting Defendants' Summary Judgment Motion*

The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial on the issue before the trial court on the motion for summary judgment, the mover is not required to negate all essential elements of the plaintiff's claim, but is only required to point out the absence of factual support for one or more elements

essential to the plaintiff's claim. *Id.* The burden then shifts to the plaintiff to produce factual support sufficient to show the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.* Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Reed*, 343 So.3d at 880.

To establish a claim for medical malpractice, a plaintiff must prove by a preponderance of evidence: 1) the standard of care applicable to the defendant; (2) the defendant breached that standard of care; and (3) there was a causal connection between the breach and the resulting injury. La. R.S. 9:2794. Unless the case involves some obviously careless act from which a lay person can infer negligence, such as amputating the wrong limb or leaving a sponge in a patient's body, the absence of expert testimony as to any of the essential elements of the plaintiff's malpractice claim will preclude the imposition of liability. *Pfiffner v. Correa*, 94-924, 94-963, 94-992 (La. 10/17/94), 643 So.2d 1228, 1233-34. Generally, because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proving his claim under La. R.S. 9:2794's requirements without expert testimony. *Id.* at 1234. Further, in cases involving patients with complicated medical histories or complex medical conditions, causation is simply beyond the domain of lay persons to assess without the assistance of expert medical testimony. *Id.* In this case, we find that a medical malpractice claim involving a reconstructive knee surgery on a patient with a serious heart condition requires expert medical testimony regarding the applicable standard of care, the alleged breach of the standard of care, and the causal connection between the alleged breach and resulting injury.

Plaintiff also argues for the first time on appeal that the doctrine of *res ipsa loquitur* applies in the present case, and therefore, no expert testimony is needed.

As a general rule, appellate courts do not consider issues that were not raised with the trial court for the first time on appeal. *See* Uniform Rules — Courts of Appeal, Rule 1-3; *Lepine v. Lepine*, 17-45 (La. App. 5 Cir. 6/15/17), 223 So.3d 666, 673.

Even if plaintiff properly raised this argument at the trial level, the doctrine of *res ipsa loquitur* is not applicable to plaintiff's medical malpractice claims, as it is not a substitute for factual evidence. The doctrine of *res ipsa loquitor* is applied after factual evidence has been submitted, and then only if there is sufficient circumstantial evidence to suggest that the only reasonable cause of the plaintiff's injury, in the context of a medical malpractice action, is the defendant's breach of the standard of care. *Choina v. Melcher*, 21-537 (La. App. 5 Cir. 3/30/22), 337 So.3d 994, 999. In the present case, plaintiff has failed to present any evidence to eliminate other possible causes for plaintiff's alleged injury.

Moreover, defendants satisfied their burden by pointing out the absence of proof for an essential element of plaintiff's claim, specifically a lack of expert medical evidence. Defendants also pointed out that the medical review panel unanimously found that they did not breach the applicable standard of care. The burden then shifted to plaintiff to produce evidence sufficient to establish a genuine issue of material fact. Because plaintiff failed to produce expert medical testimony that defendants breached the applicable standard of care, or any other admissible medical evidence to satisfy the requirements of La. R.S. 9:2794, no genuine issues of material fact exist and defendants are entitled to judgment as a matter of law.

## **DECREE**

Accordingly, we affirm the judgment of the trial court denying the motion to continue filed by plaintiff, Kristine Ackels, granting summary judgment in favor of

defendants, Scott Buhler, M.D. and Jessica Schmidt, N.P., and dismissing

plaintiff's claims with prejudice.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 29, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-490

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
BENJAMIN J. BILLER (APPELLEE)

**MAILED**
KRISTINE ACKELS (APPELLANT)
4912 BURGUNDY STREET
NEW ORLEANS, LA 70117